There is no dispute as to the instrument in the form of a will. I am of opinion that the other paper, in form a deed, is testamentary as regards the personal property therein mentioned. I am rather inclined to think that it is not testamentary as regards the real estate; but on this point I wish it understood that I give no opinion, as it is unnecessary, for if it was testamentary, I think that it is not sufficiently proven; Yarbrough, one of the two attesting witnesses, being therein appointed a trustee for the sale of the lands and entitled to a *Page 72 
compensation for his services therefor; for the disqualification relates to the time of attestation, and not to the time of giving evidence.
I concur in the opinion that the judgment of the Superior Court be reversed so far as the probate of the said last mentioned instrument is established, and affirmed as to the other parts of the judgment; (178) and that the plaintiffs pay the costs of this Court, and that the defendants pay the costs below, so far as regards the establishment of this instrument as a will of personal estate, and that the plaintiffs pay the residue of the costs.
PER CURIAM. Judgment accordingly.
Cited: Daniel v. Proctor, 12 N.C. 429; Old v. Old, 15 N.C. 501;Matthews v. Marchant, 20 N.C. 34; Tucker v. Tucker, 27 N.C. 165; Mortonv. Ingram, 33 N.C. 370; Huie v. McConnell, 47 N.C. 456; Gunter v.Gunter, 48 N.C. 442; Phifer v. Mullis, 167 N.C. 408.